USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/30/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
CYNTHIA DURAN,                                                     :
                                                                   :
                                      Plaintiff,                   :    1:20-cv-9228-GHW
                                                                   :
                    -v –                                            :    ORDER
                                                                   :
M.S.T.A.S. LTD. E/aka/ STAT MEDICAL                                :
ANSWERING SERVICE, and DAVID KUBE                                  :
                                                                   :
                                      Defendants.                  :
                                                                   :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

Defendants, who defaulted in this case, have asked the Court to reject the magistrate judge's report and recommendation on damages and to consider evidence they now submit for the first time. For the reasons that follow, Defendants' request is denied, and the Court adopts the report and recommendation in its entirety.

Plaintiff commenced this action on November 3, 2020. Dkt. No. 1. Defendants failed to respond to the complaint or appear. On December 9, 2021, the Court ordered Defendants to appear at a hearing to show cause why default judgment should not be entered. Dkt. No. 27. When Defendants did not appear, the Court found them liable for Plaintiff's first, second, and third causes of action as a result of their default. Dkt. No. 30. On February 17, 2022, the Court entered a scheduling order for a damages inquest directing Plaintiff to submit proposed findings by March 21, 2022 and Defendants to submit objections by April 20, 2022. Dkt. No. 31. Defendants did not submit objections.

The Court referred this case to Magistrate Judge Debra C. Freeman for an inquest into damages. Dkt. No. 32. On April 26, 2023, the referral was reassigned to Magistrate Judge Valerie Figueredo. On September 20, 2023, Judge Figueredo issued a Report and Recommendation

("R&R") recommending that Plaintiff be entitled to an award of unpaid overtime wages $24,387.00, an award of liquidated damages of $24,387.00, and an award of costs of $847.10, for which Defendants are jointly and severally liable. Dkt. No. 32 at 21. Plaintiff's objections to the R&R were due October 4, 2023. Plaintiff did not object. Because Plaintiff did not timely serve the R&R on Defendants, the Court extended the deadline for Defendants to object until October 27, 2023.

On October 23, 2023, counsel for Defendants submitted a notice of appearance and on October 27, 2023, Defendants submitted objections to the R&R—the first time in entire course of this litigation that Defendants have complied with or even responded to a Court order. Dkt. No. 50. Defendants do not object to the Judge Figueredo's reasoning in the R&R. Instead, they ask the Court to "exercise its discretion" to consider new evidence not before Judge Figueredo. *Id.* at 1. In connection with this request, Defendants submitted a declaration attaching their proposed evidence. Dkt. No. 51.

Pursuant to 28 U.S.C. § 636(b)(1), district courts reviewing reports and recommendations by magistrate judges "may also receive further evidence or recommit the matter to the magistrate judge with instructions." § 636(b)(1). *See also* Fed. R. Civ. P. 72(b) ("The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made"). However, "[c]onsiderations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration, and [the Second Circuit has] upheld the exercise of the district court's discretion in refusing to allow supplementation of the record . . ." *Azkour v. Little Rest Twelve*, Inc., No. 10 CIV. 4132 RJS KNF, 2012 WL 1026730, at *2 (S.D.N.Y. Mar. 27, 2012) (quoting *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir.1998)). Therefore, district courts "'generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation' absent a compelling justification for failure to present such evidence to the

magistrate judge." *Id.* (quoting *Tavares v. City of New York*, No. 08 Civ. 3782(PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011)) (collecting cases).

Here, Defendants' justification for why they failed to present their proposed evidence or appear in this case before now is "personal and professional circumstances during the COVID-19 pandemic." Dkt. No. 51. This vague explanation is wholly insufficient to explain why Defendants missed the deadline to submit damages-related evidence by more than a year and a half. *Compare U.S. Fidelity & Guar. Co. v. J. United Elec. Contracting Corp.,* 62 F.Supp.2d 915, 917 (E.D.N.Y.1999) (finding that party's explanation that he "was overwhelmed by a number of legal proceedings" was insufficient justification) *with Hynes,* 143 F.3d at 656 (finding a sufficient justification where the defendants "plausibly asserted" that they originally failed to construe the complaint as raising a certain claim). Plaintiff filed this action months before the beginning of the COVID-19 pandemic. Moreover, throughout the pandemic, attorneys continued working. This Court continued to issue orders, which Defendants ignored. In New York, the stay-at-home order ended in June of 2020—well over two years ago—and President Biden declared an end to the national emergency caused by COVID-19 over six months ago. Still, Defendants did not appear in this case to present this evidence until last week. These objections would also have been untimely had the Court not granted Defendants an extension. The Court will not create extra work for Judge Figueredo, Plaintiff, or itself to accommodate Defendants' total lack of attention to this matter.

Because Defendants submit no other objections, the Court reviews the R&R for clear error. Having done so, it finds none. *See Braunstein v. Barber*, No. 06 Civ. 5978 (CS) (GAY), 2009 WL 1542707, at *1 (S.D.N.Y. June 2, 2009) (explaining that a "district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record."). The Court therefore accepts and adopts the R&R in its entirety. Magistrate Judge Figueredo also recommended an award of prejudgment interest on the

unpaid overtime wages, at the statutory rate of 9% a year, from September 30, 2018 to the date of entry of judgement. The Court calculates that prejudgment interest at $11,160.56, for a total award amount of $60,781.66.

The Clerk of Court is directed to enter judgment in the amount of $60,781.66 against Defendants. Defendants are jointly and severally liable for that amount. The Clerk of Court is further ordered to terminate all outstanding motions and to close this case.

SO ORDERED.

Dated: October 30, 2023
      New York, New York

                                          GREGORY H. WOODS
                                          United States District Judge